**James A. PYLES, Jr., Plaintiff,**

v.

**Gordon KAMKA et al., Defendants.**

**Civ. No. K–79–1864.**

United States District Court,
D. Maryland.

Feb. 27, 1980.

---

Marc P. Charmatz, Seymour DuBow, Nat. Ass'n of the Deaf Legal Defense Fund, Washington, D. C., and Kenneth F. Niman, Baltimore, Md., for plaintiff.

Stephen H. Sachs, Atty. Gen. of Maryland, Stephen B. Caplis, Asst. Atty. Gen. of Maryland, Baltimore, Md., for defendants.

---

CONSENT DECREE

FRANK A. KAUFMAN, District Judge.

The complaint in the above captioned matter having been duly filed on October 4, 1979 and duly answered on October 10, 1979, the parties hereby agree as follows:

1. It is hereby agreed that Defendants will advise any deaf inmate of his/her rights to a qualified sign language interpreter in the following instances: (1) at a Prison Adjustment Team hearing; (2) when an employee or employees of Defendants write a disciplinary report on a deaf inmate and serve notice upon the deaf inmate that a disciplinary report is being written; (3) whenever a deaf inmate is provided counseling, including, but not limited to, a classification counselor; (4) whenever a deaf inmate is provided psychological, psychiatric or medical care; and (5) in any on-the-job training program, vocational, or educational program.

2. It is hereby agreed that Defendants will provide and compensate a qualified sign language interpreter at a Prison Adjustment Team hearing if a request for such an interpreter is made by a deaf inmate, or, if in the judgment of a member of the Adjustment Team, effective communication is not occurring.

3. It is hereby agreed that Defendants will provide and compensate a qualified sign language interpreter when an employee or employees of Defendants write a disciplinary report on a deaf inmate and serve notice upon that deaf inmate that a disciplinary report is being written if a request for such an interpreter is made by a deaf inmate, or if, in the judgment of the employee or employees, effective communication is not occurring.

4. It is hereby agreed that Defendants will provide and compensate a qualified sign language interpreter whenever a deaf inmate is provided counseling, including, but not limited to, classification counseling, if a request for such an interpreter is made by a deaf inmate, or if, in the judgment of the counselor, effective communication is not occurring.

5. It is hereby agreed that Defendants will provide and compensate a qualified sign language interpreter whenever a deaf inmate is provided psychological, psychiatric, or medical care if a request for such an interpreter is made by a deaf inmate, or if, in the judgment of the psychologist, psychiatrist, or medical doctor, effective communication is not occurring.

6. It is hereby agreed that Defendants will provide and compensate a qualified sign language interpreter in any on-the-job training program, vocational, or educational program if a request for such an interpreter is made by a deaf inmate, or if, in the judgment of the employee or employees, effective communication is not occurring.

7. It is hereby agreed that Defendants may fulfill their obligations under this decree by providing one interpreter for a group of inmates in any job training, vocational, or educational program, provided that the number of interpreter(s) must be sufficient to provide each deaf inmate with appropriate services in these programs.

8. It is hereby agreed that an interpreter shall be deemed qualified if he/she is certified by the National Registry of Interpreters for the Deaf (RID), or by the Potomac Chapter of the Registry of Interpreters for the deaf, or if he/she is on the directory of interpreters for the deaf, or if he/she is on the directory of interpreters for manual and/or oral interpreters kept by the Maryland state courts pursuant to the state interpreter law, or if he/she is on the list of interpreters compiled by the National Association of the Deaf or the Maryland Association of the Deaf.

9. It is Plaintiff's position that he is entitled to the least restrictive alternative, which would entail transfer to a penal or mental health facility with appropriate services, care, and therapy for deaf people with psychological problems. Without conceding that the least restrictive alternative doctrine applies to Plaintiff in particular or deaf inmates in general, Defendants and their counsel will work with counsel for Plaintiff to seek an appropriate placement

to meet Plaintiff's mental health needs. If an appropriate placement is found, Defendants agree to seek immediate parole to that facility. In the meantime, Defendants agree to provide a minimum of ninety (90) minutes of psychological therapy, per week, at the Maryland House of Corrections, for Plaintiff, for the duration of his present status of confinement, or until such therapy is no longer required in the professional judgment of the institutional psychologist. Prior to termination of therapy, the institutional psychologist must provide written notice to Plaintiff's counsel.

10. It is hereby agreed that Defendants shall not maintain any files or records or any results of the institutional charges lodged against Plaintiff, James Pyles, on September 7, 1979, or any record of any conviction arising out of those charges.

11. It is hereby agreed that Plaintiff James Pyles' conviction of institutional charges on September 12, 1979, was obtained in violation of his rights under the Constitution of the United States and is, therefore, null, void and of no legal effect whatsoever. Defendants deny that they wilfully or in bad faith violated any constitutional right of the Plaintiff.

12. It is hereby agreed that Defendants shall restore to the record of James Pyles five (5) days good time.

13. It is hereby agreed that Defendants pay the sum of $3,000.00 to Plaintiff's counsel as a reasonable attorney's fee and $169.00 for costs incurred. The Court finds that these amounts are fair and just.

14. It is hereby agreed that the above agreement constitutes a full settlement of this law suit and the parties do hereby waive any and all other rights they may otherwise have in connection therewith.

Plaintiff, on his own behalf and on behalf of his heirs, assigns, and personal representatives, forever waives any claim present, past and future arising out of the incident of September 7, 1979, whether for money damages, injunctive relief, or any other remedy, at law or in equity, against any agency of the State of Maryland, institution of the State of Maryland, or agent, servant and/or employee of the State of Maryland.